## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DONNA BRUNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-374-STE** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.[1]** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. _____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.      PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 20-26). The Appeals Council denied Plaintiff's request for review. (TR. 9-11). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.      THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 1, 2016, the alleged onset date. (TR. 22). At step two, the ALJ determined Ms. Bruner suffered from the severe impairment of degenerative disc disease of the lumbar spine. (TR. 22). At step three, the ALJ found that Plaintiff's impairment did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).

At step four, the ALJ concluded that Ms. Bruner retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except she can perform no more than occasional stooping. (TR. 23). With this RFC, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a parimutuel ticket cashier and cashier supervisor. (TR. 25). Thus, at step four, the ALJ concluded that Ms. Bruner was not disabled based on her ability to perform the identified jobs. (TR. 25).

## III.   ISSUES PRESENTED

On appeal, Plaintiff alleges error in the ALJ's evaluation of: (1) medical opinions and evidence and (2) Ms. Bruner's subjective allegations and complaints of pain. (ECF Nos. 26:8-24, 35:1-11).

## IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.   PLAINTIFF'S FIRST PROPOSITION

In her first point of error, Plaintiff states: "The ALJ failed to consider the supportability of the non-examining physician's medical opinions and therefore

overlooked their explicit bias against Ms. Bruner." (ECF No. 26:8). In this proposition, Ms. Bruner alleges that the ALJ erred in his evaluation of prior administrative medical findings from State Agency physicians, Drs. David Coffman and Carla Werner by: (1) failing to discuss the opinions' "supportability" and (2) overlooking the physicians' "overt bias" against Plaintiff. (ECF Nos. 26:8-17; 35:2-7). The Court agrees regarding a failure to discuss the supportability of the opinions and need not discuss the alleged bias.

### A.    Definition of Medical Opinions and Prior Administrative Medical Findings

The Social Security Administration has defined categories of evidence, including—as pertinent here—medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 404.1513(a)(1), (5). Medical opinions are statements from a medical source about what the claimant can do despite impairments and whether the claimant has certain work-related abilities and/or limitations. 20 C.F.R. § 404.1513(a)(2). Prior administrative medical findings are findings, other than the ultimate determination about whether an individual is disabled, about a medical issue made by Federal and State agency medical and psychological consultants at a prior level of review, based on a review of the evidence in the claimant's case record, including, but not limited to, an individual's RFC. 20 C.F.R. § 404.1513(a)(5).

### B.    The ALJ'S Duty to Evaluate Medical Opinions and Prior Administrative Medical Findings

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). For claims filed

after March 27, 2017, such as Ms. Bruner's,[2] 20 C.F.R. § 404.1520c provides that the Commissioner no longer will "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings.[.]" 20 C.F.R. § 404.1520c(a). Instead, the ALJ need only articulate how persuasive he finds the medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). Persuasiveness is determined primarily by an opinion's supportability and consistency, and the ALJ must explain how he considered those factors. 20 C.F.R. § 404.1520c(b)(2) & (c)(1)-(2). In addition, the ALJ may, but is not required to, discuss other considerations that may bear on the persuasiveness of a medical opinion or prior administrative medical findings, such as the relationship of the source to the claimant, the source's area of specialization, and other factors such as the source's familiarity with the disability program's policies and evidentiary requirements. *See* 20 C.F.R. § 404.1520c(b)(2) & (c)(3)-(5). The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

Additionally, the ALJ may not selectively review any medical opinion and must provide a proper explanation to support his findings. *See Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) ("We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also

---

[2] *See* TR. 20.

"discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects."); And if the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### C.    Prior Administrative Medical Findings and the ALJ's Related Evaluation

Two prior administrative medical findings were issued in this case—one by Dr. David Coffman at the initial level considering Plaintiff's application for benefits and one by Dr. Carla Werner at the reconsideration level of review. *See* TR. 55-64 (Dr. Coffman); 67-76 (Dr. Werner). Dr. Coffman opined that Plaintiff could:

- perform "medium"[3] exertional work,

- sit, stand, and walk 6 hours during an 8-hour workday, and

- occasionally stoop.

(TR. 60-61). Dr. Werner opined the same limitations, except she restricted Ms. Bruner to "light"[4] work. (TR. 74).

In connection with evaluating Plaintiff's case record, both Dr. Coffman and Dr. Werner completed Social Security Administration (SSA) form 416-UF. The SSA Program

---

[3] "Medium" work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §404.1567(b).

[4] "Light" work involves "lifting no more than 20 pounds at a time with no more than frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §404.1567(b).

Operations Manual System (POMS)[5] states that a 416-UF form should be utilized to document findings under six circumstances:

1. if no medically determinable impairment exists;

2. if the claimant suffers from a non-severe physical impairment;

3. if there exists insufficient evidence to assess a physical impairment;

4. if the impairment meets or medically equals a physical listing;

5. for purposes of affirming findings at the reconsideration level; or

6. to document a continuing disability review medical evaluation.

POMS DI 24501.006 SSA-416-UF Medical Evaluation. Based on the circumstances in the case and the findings at steps 1-3,[6] only one reason possibly existed for the use of this form in Ms. Bruner's case—that being that insufficient evidence existed to assess a physical impairment.

The 416-UF form completed by Dr. Coffman stated: "Please see signed medium RFC with occasional stooping. If this RFC allows, please return claim to me." (TR. 240). The form completed by Dr. Werner, while allowing for a more restrictive RFC involving "light" work, was similarly worded and stated: "I changed the RFC to light. If this allows send back to me." (TR. 252).

---

[5] The POMS is "a set of policies issued by the Administration to be used in processing claims." *McNamar v. Apfel,* 172 F.3d 764, 766 (10th Cir. 1999). We "defer to the POMS provisions unless we determine they are 'arbitrary, capricious, or contrary to law,' " *Ramey v. Reinertson,* 268 F.3d 955, 964 n. 2 (10th Cir. 2001).

[6] *See supra.*

In evaluating the claim, the ALJ noted that "very little medical evidence" existed regarding that claimant's documented impairments. (TR. 24). Indeed, the ALJ's entire review of the evidence consisted of:

- five office visits with medical providers;

- findings from an MRI;

- findings from a consultative physical examination; and

- the prior administrative medical findings from Drs. Coffman and Werner.

(TR. 24-25).

In evaluating the prior administrative medical findings, the ALJ stated:

State agency medical consultants reached prior administrative medical findings in initial review and reconsideration. On initial review it was determined that the claimant could work at the medium exertional level with the following additional restrictions. She could only stoop occasionally. On reconsideration it was determined that the claimant could work at the light exertional level with the following exertional restrictions. She could only stoop occasionally. The determination of the medical consultant on initial review is not persuasive as the medical evidence of record supports greater limitations. The determinations of the medical consultant on reconsideration is [sic] persuasive as is consistent with the totality of the medical evidence of record.

(TR. 25).

### D.   Error in the Evaluation of the Prior Administrative Medical Findings

Plaintiff alleges two errors in connection with the findings from Drs. Coffman and Werner: (1) that the ALJ erred in failing to discuss the "supportability" factor in assessing the persuasiveness of the opinions and (2) by doing so, the ALJ overlooked both physicians' bias against Ms. Bruner, implicit in the 416-UF forms. (ECF No. 26:8-17).

First, the Court agrees with Plaintiff that the ALJ committed legal error in failing to discuss the "supportability" factor when discussing the prior administrative medical findings from Drs. Coffman and Werner. *See* 20 C.F.R. § 404.1520c(b)(2). ("[W]e *will* explain how we considered the supportability and consistency factors for. . . prior administrative medical findings in your determination or decision.") (emphasis added).[7] The ALJ's legal error in this regard warrants remand. *See Lovato v. Saul*, 2021 WL 2894733, at *5 (D.N.M. July 9, 2021) (remanding based on ALJ's failure to satisfy the regulations' "unambiguous *articulation* requirements" as to the persuasiveness of medical opinions).

Second, Plaintiff argues that by failing to discuss the supportability of the findings from Drs. Coffman and Werner, the ALJ overlooked the physicians' bias against her, which was inherent in their opinions. (ECF Nos. 26:11-17; 35:2-7). According to Ms. Bruner, the statements in the SSA-416-UF forms demonstrate that "the non-examining physicians did not develop their medical opinions based on a good faith assessment of Ms. Bruner's medical evidence[,]. . . [but instead] the medical opinions were developed with an expectation that Ms. Bruner's claim should be denied, and then prescribed an RFC with this outcome in mind." (ECF No. 26:12). In response, the Commissioner argues: "even assuming that the reviewing physicians' statements were somehow improper, . . . the ALJ's decision was based on substantial evidence and should be affirmed" based on the

---

[7] In her brief in support of the Commissioner's decision, Ms. Kijakazi completely ignores this portion of Plaintiff's argument and fails to offer any explanation for the ALJ's omission. *See* ECF No. 34.

ALJ's adoption of findings from the consultative examiner. (ECF No. 34:7). But Ms. Bruner's allegations of bias are tied directly to the legal error in failing to discuss the supportability of the opinions. *See supra*. As a result, the bias, if any, cannot be dismissed based on the presence of substantial evidence. *See Parker v. Commissioner, SSA*, 772 F. App'x 613, 617 (10th Cir. 2019) ("If Mr. Parker is right about the legal error, we must reverse even if the agency's findings are otherwise supported by substantial evidence."); *see Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (stating that the agency's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal" (brackets & internal quotation marks omitted)).

In sum, the Court finds legal error in the ALJ's failure to discuss the supportability of the opinions from Drs. Coffman and Werner, a requirement that is mandated for claims filed after March 27, 2017. The presence of legal error prevents the court from salvaging the decision on what Ms. Kijakazi believes constitutes substantial evidence to otherwise support the decision. Remand is warranted.

## VI.    PLAINTIFF'S SECOND PROPOSITION

Ms. Bruner also argues error in the connection with the ALJ's consideration of her subjective allegations regarding her pain. (ECF No. 26:21-24; 35:8-9). Specifically, Plaintiff alleges that in evaluating her complaints of pain, the ALJ: (1) selectively reviewed the evidence, (2) failed to consider plaintiff's use of medications and inability to afford treatment, and (3) ignored probative evidence. (ECF No. 26:18-24). But the Court need not consider this issue in light of the remand. *See Watkins v. Barnhart*, 350 F.3d 1297,

1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *Mando v. Saul*, 2020 WL 34409, at *6 (W.D. Okla. Jan. 2, 2020) (declining to address allegation that the ALJ improperly assessed subjective allegations, because remand was warranted on the issue involving ALJ's review of medical evidence which supported plaintiff's statements).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on October 28, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE